■ In the Matter of MICHAEL KELLY, Petitioner, v THOMAS A. COUGHLIN, III, as Superintendent of the Department of Correctional Services, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondents finding petitioner guilty of violating a prison temporary release rule.

In 1985 petitioner, then an inmate at Green Haven Correctional Facility in Dutchess County, was granted permission to participate in a temporary release program in order to receive outside treatment for a deteriorative heart condition. Petitioner agreed in writing to abide by certain conditions placed on temporary releases, including a prohibition on applying for or renewing a motor vehicle operator's license without appropriate approval (see, 7 NYCRR 1902.1 [11]). This proceeding stems from a finding that petitioner violated that condition.

We confirm. It is axiomatic that a determination of petitioner's guilt will not be disturbed if it is supported by substantial evidence in the record (see, e.g., Matter of Lahey v Kelly, 71 NY2d 135). The evidence relied on in this case included several documents demonstrating that during his temporary

release, petitioner applied for a driver's license, took two road tests with the Department of Motor Vehicles and was issued a probationary license dated July 8, 1985. Also relied on was a Department of Motor Vehicle form 501, petitioner's "Road Test Evaluation", which bears a signature quite similar to petitioner's. In rebuttal, petitioner submitted proof at his hearing that he was blind and, therefore, was incapable of taking the road tests. Petitioner also offered a sworn statement from his sister that she believed it was petitioner's brother who actually took the road tests. A review of the evidence submitted by petitioner indicates serious visual problems but does not conclusively demonstrate his inability to undertake the actions on which his guilt is predicated. Accordingly, the determination should be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.